CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 19 2006

JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| CENTENNIAL BROADCASTING, LLC, | CIVIL ACTION NO. 6:06-CV-00006 |
| *Plaintiff,* | |
| v. | OPINION AND ORDER MODIFYING PRETRIAL ORDER |
| GARY E. BURNS | |
| and | |
| 3 DAUGHTERS MEDIA, INC., | JUDGE NORMAN K. MOON |
| *Defendants.* | |

This matter comes before the Court on the parties' separate requests to modify the Court's standard pretrial order, both submitted on May 10, 2006.

## I. Background

The hearing on Plaintiff's motion for a preliminary injunction in this matter was originally scheduled for March 8, 2006. Because the Court was presiding over a criminal trial on that date, the Court contacted the parties on March 6, 2006, to reschedule the hearing and gave them notice pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure that the Court would be considering consolidating the preliminary injunction hearing with trial on the merits of Plaintiff's request for a permanent injunction. This notice was confirmed by electronic communication on March 7, 2006. (P. PTO Modif. Req. Attachs. A, B). Because the preliminary injunction hearing had been rescheduled on short notice to March 13, 2006, the

Court agreed that Defendants would be permitted to submit the deposition testimony of a media expert after the hearing,[1] and Plaintiff in turn would be allowed to submit the deposition testimony of a rebuttal witness. (*Id.*, D. PTO Modif. Req. ¶1 n.1).

On March 20, 2006, the Court entered an order granting the preliminary injunction. On April 26, 2006, the Court entered its standard pretrial order, which does not reflect the effect on future discovery of the Court's and the parties' agreement concerning the possibility of consolidation under Rule 65(a)(2).[2]

## II. Discussion

In their cross-motions to amend the Court's April 26, 2006 pretrial order, the parties disagree as to the scope of evidence and discovery the Court will permit Defendants to submit and conduct in the wake of the Court's notice that it was considering consolidation under Rule 65(a)(2).

Rule 65(a)(2) provides:

> Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application . . . . This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

The Court should provide the parties "clear and unambiguous notice [of the court's intent to consolidate under Rule 65(a)(2)] either before the hearing commences or at a time which will

---

[1] Defendants did not ask to submit any other evidence after the hearing.

[2] On May 3, 2006, Defendants filed a Motion to Dissolve the preliminary injunction, and a hearing on the motion to dissolve is scheduled for June 12, 2006. The parties agree that they should not perform much further pretrial discovery and work with expert witnesses prior to the Court's ruling on Defendants' Motion to Dissolve. (D. PTO Modif. Req. ¶1 n.1). The modified Pretrial Order below reflects this agreement.

2

still afford the parties a full opportunity to present their respective cases." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (quoting *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972)); *see also Nationwide Amusements, Inc. v. Nattin*, 452 F.2d 651, 652 (4th Cir. 1971). The Court satisfied this obligation by clearly informing the parties, orally and in writing, in advance of the preliminary injunction hearing of the possibility of consolidation and permitting Defendants to submit specified evidence after the hearing. *See* (P. PTO Modif. Req. Attachs. A, B).

In appropriate cases, consolidation under Rule 65(a)(2) eliminates needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and trial on the merits, thereby "expedit[ing] the final disposition of the action." Fed. R. Civ. P. 65 advisory committee's note. "The authority [to consolidate under Rule 65(a)(2)] can be exercised with particular profit when it appears that a substantial part of the evidence offered on the application will be relevant to the merits and will be presented in such form as to qualify for admission on the trial proper." *Id.* Because this appears to be a case in which consolidation can be exercised with particular profit,[3] the Court gave the parties advance notice of the possibility of

---

[3] It is undisputed that the parties entered into an Asset Purchase Agreement ("Agreement") whereby Plaintiff purchased a radio station, WLNI-FM, from Defendant Burns, and that the parties agreed that a covenant not to compete ("covenant") would be incorporated into the Agreement. The covenant prohibits Defendant Burns from operating a radio station for a period of five years in the Roanoke-Lynchburg Arbitron Metro radio market "if such station utilizes a programming format substantially similar to any format" used by WLNI on the date Plaintiff acquired WLNI. (Verif. Complaint Exh. A; D. Memo. in Opp. Exh. 2). Neither party disputes that WLNI aired programming that could be classified as talk radio most hours of a typical week as of the date of Plaintiff's acquisition of it. It is also undisputed that between November 2005—when Defendant 3 Daughters Media (which is wholly owned by Defendant Burns) purchased WBLT-AM in Bedford—and the Court's issuance of a preliminary injunction, WBLT aired talk radio programming for a substantial number of hours per week. Plaintiff requests that Defendants be permanently enjoined from further use of a Talk radio programming

3

consolidation, which notice would have served no purpose if the Defendants retained all right to conduct discovery and present further evidence at trial related to Plaintiff's request for a permanent injunction.

Thus, the Court will consider only the following evidence in deciding whether consolidation is appropriate under Rule 65(a)(2): (i) the testimony and evidence offered at the March 13, 2006 hearing, (ii) the expert witness deposition testimony the Court agreed that the Defendants could submit after the hearing, and (iii) Plaintiff's rebuttal evidence, if any. If after consideration of this evidence the Court is satisfied that the "substantially similar . . . format" language of the covenant not to compete is unambiguous,[4] it will decide the merits of Plaintiff's request for a permanent injunction. If, however, the Court determines that disposition of the merits requires further development of the record, it will permit the parties to conduct further discovery.[5]

Therefore, the Court ORDERS that the Pretrial Order be modified to read as follows:

1. If the Defendants elect to use an expert witness as contemplated by the Court's March 7,

---

format on WBLT.

Thus, the essential and quite narrow issues relevant to the merits of Plaintiff's request for a permanent injunction are whether the covenant is enforceable, what "substantially similar . . . format" means in the radio industry, and application of the substantially similar standard to the facts of this case.

[4] The Court has a duty to construe a clear and unambiguous contract as a matter of law. *Burns v. Eby & Walker, Inc.*, 308 S.E.2d 114, 116 (Va. 1983). Whether a contract provision is ambiguous presents a question of law, not of fact. *Video Zone, Inc. v. KF & F Properties, L.C.*, 594 S.E.2d 921, 923 (Va. 2004).

[5] The Court is of course aware that trial and discovery deadlines may have to be postponed in the event the Court makes a decision that further discovery is necessary—which decision, under the terms of the schedule set forth in ¶¶1-3 below, may not be ripe for decision until three months from the date of this Opinion and Order.

4

2006 electronic communication, they shall have 15 days from the entry of this Order within which to designate such expert witness and to provide the expert's written report in conformity with Fed. R. Civ. P. 26(a)(2)(B). The deposition of Defendants' expert shall be taken within 30 days from the entry of this Order;

2. If Plaintiff elects to submit the deposition testimony of a rebuttal witness as contemplated by the Court's March 7, 2006 electronic communication, Plaintiff will have 15 days from the deposition of Defendants' expert within which to designate such expert and to provide the expert's written report in conformity with Fed. R. Civ. P. 26(a)(2)(B). The deposition of Plaintiff's expert shall be taken within 30 days of the deposition of Defendants' expert;

3. The Plaintiff shall submit a brief on the merits of its request for a permanent injunction within 14 days of deposing its rebuttal expert, if any, and within 20 days of the deposition of Defendants' expert, if it elects not to depose a rebuttal expert; Defendants shall have ten (10) days after Plaintiff's brief is docketed to respond; and Plaintiff shall have seven (7) days after Defendants' response is docketed to reply;

4. If the Court finds that consolidation under Rule 65(a)(2) is appropriate, it will decide the merits of Plaintiff's request for a permanent injunction. Thus, until further notice, all future discovery other than that contemplated in ¶¶ 1-2 of this Opinion and Order shall be limited to the issue of damages claimed by Plaintiff. However, discovery will not be so limited if the Court determines that disposition of the merits and the interest of justice requires further development of the record;

5. The initial disclosures required by Rule 26(a) shall be made within 30 days from the Court's ruling on Defendants' Motion to Dissolve;

5

Case 6:06-cv-00006-NKM-mfu   Document 39   Filed 05/19/06   Page 5 of 6   Pageid#: 379

6. The Plaintiff's initial expert disclosures, other than those contemplated in ¶ 2 *supra*, shall be made 75 days from the Court's order ruling on Defendants' Motion to Dissolve;

7. The Defendants' initial expert disclosures, other than those contemplated in ¶ 1 *supra*, shall be made 90 days from the Court's order ruling on Defendants' Motion to Dissolve;

8. All other provisions of the April 26, 2006 Pretrial Order, except as expressly modified herein, are to remain in effect.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Opinion and Order to all counsel of record.

ENTERED: _____
U.S. District Judge

May 19, 2006
Date