CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 18 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CENTENNIAL BROADCASTING, LLC, *Plaintiff*, v. GARY E. BURNS and 3 DAUGHTERS MEDIA, INC., *Defendants*. | CIVIL ACTION No. 6:06-CV-00006<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

This action was terminated on the merits on September 29, 2006 by Order of this Court. The action was then referred to United States Magistrate Michael F. Urbanski for consideration of a possible award of attorney's fees. A Report and Recommendation ("Report") finding that no such award was warranted was filed on April 12, 2007, to which Plaintiff lodged objections. Defendants have responded to these objections. Upon consideration of the Report and the objections, this Court concludes that no award of attorney's fees is appropriate.

The Magistrate Judge ably elucidated six key facts which control the resolution of this issue, which Plaintiff's arguments do not begin to overcome. 1) The Non-Solicitation and Consulting Agreement ("non-compete") does not contain an attorney's fee provision in the relevant paragraph. 2) The non-compete *does* contain an attorney's fee provision in a separate section. 3) The non-compete does not contain a general attorney's fee provision, but 4) it does

contain a merger clause. Meanwhile 5) the Asset Purchase Agreement does contain a general attorney's fee provision, but 6) this contract is governed by North Carolina law, which does not permit an award of attorney's fees in this case. Accordingly, there is no enforceable fee provision in any contract which would justify an award. All of this was clearly laid out in the Report and Plaintiff has failed to rebut a single one of these points.

Plaintiff is left arguing that the specific covenants in the APA have penumbras, formed by emanations from those covenants, that help give them life and substance. From these penumbral emanations, a general entitlement to attorney's fees from any breach of any part of any contract between the parties is to be inferred, and also enforced under Virginia rather than North Carolina law. Whether or not this argument has any merit, it is by no means "clear that the parties intended" it, and the Magistrate Judge's decision to reject it was far from a "counter-intuitive" result. Rather, it was the correct result.

This Court's finding that the non-compete was an essential part of the APA does not mean that every single provisions of the APA are to be automatically read into the non-compete. It simply means that, for jurisdictional purposes, Plaintiff stood to lose more from the violation of the non-compete than it had actually paid for it. But even if Plaintiff's expansive reading of this Court's decision were adopted, it would be to no avail; if Plaintiff wishes to import the attorney's fee provision from the APA, it will also have to live with importing the forum selection clause. In that case, the request fails on statutory grounds.

Plaintiff also argues that the violation of the non-compete amounted to a breach of the APA's covenant to transfer the going-concern value and goodwill of the radio stations. This argument, while by no means trivial, has not been briefed or decided by any court. The briefing and oral argument on the merits of the permanent injunction concerned the proper interpretation

of the language of the non-compete, and this Court's decision was based on that contract. After entry of the permanent injunction, both parties represented to the Court that there were no further issues in dispute and that the scheduled jury trial should be cancelled. Accordingly, claims based on causes of action other than that actually prosecuted have been abandoned and cannot form the basis for an award of attorney's fees. Furthermore, as discussed above, the APA contains a forum selection clause which negates any attorney's fee claim because North Carolina does not allow it.

Finally, Plaintiff's argument that the attorney's fee question was decided by this Court in the Order referring the case to the Magistrate Judge is unfounded. The referral order of November 3, 2006 was standard boilerplate language used by this Court in all similar referrals. A straightforward reading of it shows that the Court requires a recommendation on an appropriate award of fees. Here, the Magistrate Judge has recommended an award of $0.00. That is in no way inconsistent with the Order.

For all of these reasons, those portions of the report denying attorney's fees are ADOPTED as the opinion of this Court

On the question of court costs, Plaintiff's objections are well taken. The Report denied costs as well as attorney's fees, but only discussed the attorney's fee provision. An award of court costs is routine and there is nothing remarkable about this case which argues for a departure from the usual rule. Fed. R. Civ. Proc. 54(d)(1). Accordingly, this portion of the report is DECLINED. Plaintiff is entitled to costs.

The Report is ADOPTED in part and DECLINED in part. Plaintiff's request for attorney's fees is DENIED. Plaintiff's request for court costs is GRANTED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED:

*/s/ Norman K. Moon*

United States District Judge

May 18, 2007

Date