IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA,
FILED

JUN 2 2 2007

BY: JOHN F. CORCORAN, CLERK
DEPUTY CLERK

| | |
|---|---|
| CENTENNIAL BROADCASTING, LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 6:06cv006 |
| | ) |
| GARY E. BURNS and | ) By: Hon. Michael F. Urbanski |
| 3 DAUGHTERS MEDIA, INC., | ) United States Magistrate Judge |
| | ) |
| Defendant | ) |

MEMORANDUM OPINION

This matter is before the court on Defendants Gary E. Burns' and 3 Daughter's Media, Inc.'s Response and Objection to Plaintiff Centennial Broadcasting, LLC's Bill of Costs. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), with direction to conduct such proceedings necessary to determine the reimbursable costs.

Centennial Broadcasting, LLC ("Centennial") filed an unverified Bill of Costs on May 25, 2007 seeking reimbursement of $3,427.27.

Defendants assert no objection to the categories of items in Centennial's Bill of Costs, nor do they challenge that Centennial did not actually incur the particular items included in the Bill of Costs or that the figures listed are inaccurate. Instead, defendants object because Centennial did not provide the information in affidavit form, because the backup documentation is insufficient to determine whether the items were necessarily incurred and because taxation at this stage would be premature.

In response, on June 7, 2007, Centennial filed an affidavit of counsel indicating that the amounts reflected in the Bill of Costs were necessarily incurred in this case and that the services for which the fees have been charged were actually and necessarily performed. Centennial noted further that invoices relating to these expenses are maintained in its law firm's central accounting office in Winston Salem, North Carolina. On June 15, 2007, the Court entered an Order requiring Centennial to file any additional documentation in support of its Bill of Costs, and Centennial filed a Supplemental Affidavit on June 19, 2007.

In deciding this motion to review taxation of costs, the court looks to Rule 54 of the Federal Rules of Civil Procedure, the statute governing taxation of costs and relevant case law. Rule 54 of the Federal Rules of Civil Procedure provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Rule 54 does not provide the district court with "unrestrained discretion to reimburse the winning litigant for every expense he has seen fit to incur." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). The court may only tax those costs authorized by statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987). However, the court has wide latitude to award costs, so long as the costs are enumerated in the general taxation-of-costs statute, 28 U.S.C. § 1920. Id. Once it is established that an item falls within 28 U.S.C. § 1920, the prevailing party is presumed to be entitled to recover costs, and the burden is on the losing party to show impropriety of an allowance. Principe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982). The district court's award of costs will not be disturbed on appeal, absent an abuse of discretion. Herold v. Hajoca Corp., 864 F.2d 317, 321 (4th Cir. 1988),

2

cert. denied, 490 U.S. 1107 (1989); see Flint v. Haynes, 651 F.2d 970, 973 (4th Cir. 1981), cert. denied, 454 U.S. 1151 (1982).

With a few exceptions, the costs claimed by Centennial are appropriate. However, a few reductions to the costs claimed are required by prevailing case law.

First, Centennial may not tax as costs certain expenses associated with the depositions in this case beyond the cost of the actual transcript itself, such as costs for condensed versions of the transcripts, word indices, ASCII discs, e-transcripts, exhibit copying and delivery charges. Scallett v. Rosemblum, et al., 176 F.R.D. 522, 527-29 (W.D. Va. 1997).

Therefore, as regards the Harrison deposition, amounts related to the rough disk, condensed/ASCI/CD and shipping and handling are properly excluded. As such, the appropriate amount for the Harrison deposition is $259.00, a reduction of $257.70 off of the $516.70 claimed.

The Sabo deposition, while only 31 pages longer than the Harrison deposition, was nearly three times as expensive. While the cost included the original transcript and a copy, expedited, there is no indication on the invoice for that deposition as to the reason for the substantial additional expense for this transcript as the fees for the various items on the invoice are not broken out. Indeed, applying the same per page ($3.50) rate to the Sabo deposition as was charged in the Harrison deposition, the corresponding transcript charge would be only $367.50. Doubling that charge to account for the original transcript yields $735.00. Without further information as to the specifics of the charges for the Harrison deposition, the court cannot determine the appropriate amount to tax as regards this deposition beyond $735.00. See Scallett, 176 F.R.D. at 529 (finding that as defendants failed to properly itemize all taxable deposition

3

bills, the court could determine an appropriate deduction for non-recoverable fees in taxable depositions). Thus, as regards the Harrison deposition, absent any further information as to the actual cost of that original deposition transcript and one copy, the court will tax $735.00, a reduction of $666.35 off of the $1,401.35 claimed. The total reduction in transcript fees is $924.05.

Centennial claims reimbursement of various charges for computerized legal research, totaling $120.25. These costs are more properly characterized as a component of attorneys' fees, and are not taxable as costs under 28 U.S.C. § 1920. United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996); Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440-41 (7th Cir. 1994); Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995); Leftwich v. Harris-Stowe State Coll., 702 F.2d 686, 695 (8th Cir. 1983). Thus, items 3a and 3c, reflecting claimed computer legal research costs of $120.25, are not properly taxable as costs of litigation.

Under the category of fees for exemplification and copies of papers necessarily obtained for use in the case, only those photocopying expenses which are directly attributable to documents used as court exhibits or produced to the court or opposing counsel are recoverable. Wyne v. Medo Indus., Inc., 329 F. Supp. 2d 584, 590 (D. Md. 2004). Therefore, costs claimed for documents copied for review by an expert witness and FedEx charges associated with forwarding documents to an expert witness are not recoverable. Therefore, items 4k, 4l and 4m are properly excluded, totaling $44.44. Centennial also claims $13.62 for a FedEx charge for forwarding exhibits to the court, which also are not taxable as costs. Sun Publishing Co., Inc., et al. V. Mecklenburg News, Inc., et al., 594 F. Supp. 1512, 1524 (E.D. Va. 1984) ("Costs such as

4

travel expenses, delivery service, secretarial overtime, long-distance phone calls, postage, meals, etc., while properly billable to a client, are not properly taxed as costs by the Court.") (citations omitted); <u>Barton v. Lane Co.</u>, 1995 WL 835486, Civ. A. No. 94-0088-L, *4 (W.D. Va. Dec. 22, 1995) (denying taxation of delivery costs upon reasoning that Federal Express charges are for convenience and are not included in the enumerated costs in 28 U.S.C. § 1920). Therefore, the total amount of the reduction of copying charges is $58.06.

For the foregoing reasons, a separate Order will be entered reducing the Bill of Costs taxed to defendants from the $3,427.27 claimed to $2,324.91. Further, given the appeal of this case, taxation of these costs is **STAYED** pending appeal.

Entered this 22nd day of _____June_____, 2007.

_____
Michael F. Urbanski
United States Magistrate Judge

5